| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **A & S Entertainment, LLC** |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number (if known) | 21-14020-RAM |

☐ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11   02/20

**A & S Entertainment, LLC** 's Plan of Reorganization, Dated __

[If this plan is for a small business debtor under Subchapter V, 11 U.S.C. § 1190 requires that it include "(A) a brief history of the business operations of the debtor; (B) a liquidation analysis; and (C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization." The Background section below may be used for that purpose. Otherwise, the Background section can be deleted from the form, and the Plan can start with "Article 1: Summary"]

**Background for Cases Filed Under Subchapter V**

  A. Description and History of the Debtor's Business

   The Debtor is a Limited Liability Company which operates a gentlemen's entertainment facility in Miami, Florida

  B. Liquidation Analysis

   To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit **A**

  C. Ability to make future plan payments and operate without further reorganization

   The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

   The Plan Proponent has provided projected financial information as Exhibit **B**

   The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $ **$35,000**

   The final Plan payment is expected to be paid on **10-31-26**.

   [Summarize the numerical projections, and highlight any assumptions that are not in accord with past experience. Explain why such assumptions should now be made.]

   **You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of **A & S Entertainment, LLC** (the *Debtor*) from [Specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].

This Plan provides for:   **1**   classes of priority claims;
                         **0**   classes of secured claims;
                         **2**   classes of non-priority unsecured claims; and
                         **1**   classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately ___ cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

| 2.01 | Class 1 | Florida Department of Revenue |
| 2.02 | Class 2 | Landlord cure of disputed amount |
| 2.03 | Class 3 | All General Unsecured Claims (other than Landlord) |

| Debtor | A & S Entertainment, LLC | Case number (*if known*) | 21-14020-RAM |
|---|---|---|---|
| | Name | | |

2.04 **Class 4** _____ Equity interests of the Debtor. (If the Debtor is an individual, change this heading to *The interests of the individual Debtor in property of the estate*.)

### Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

3.01 **Unclassified claims** — Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes.

3.02 **Administrative expense claims** — Each holder of an administrative expense claim allowed under § 503 of the Code, [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 **Priority tax claims** — Each holder of a priority tax claim will be paid, in full, with interests at 3.25 % over 60 months.

3.04 **Statutory fees** — All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date.

3.05 **Prospective quarterly fees** — All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code

### Article 4: Treatment of Claims and Interests Under the Plan

4.01 **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims** excluding those in Article 3 | ☐ Impaired<br>☑ Unimpaired | Priority Claims will be paid in full with interest at 3.25% in equal monthly payments over 60 months at $33,992.40 per month. |
| Class 2 – **Landlord's Cure Claim** | ☑ Impaired<br>☐ Unimpaired | The Cure amount is subject to liquidation and the amount determined will be cured by agreement, if possible. The cure amount, once determined will be paid in full over 6 months or as agreed between the parties. |
| Class 3 – **Non-priority unsecured creditors** | ☑ Impaired<br>☐ Unimpaired | All General Unsecured Creditors other than Class 2 Claim will share, pro-rata in a fund of money of $1,000.00 per month for 36 months Plus 15% of the savings, if any, from the Debtor's appeal of the priority of the Class 1 creditor, Florida Department of Revenue, which will be more fully defined in a subsequent filing.  No payments will be made until all unliquidated claims are liquidated or waived and the appeal of the FLDOR Priority is subject to a final order..  The funds will accrue in the trust account of the Debtor's attorney until all claims and appeals are determined.  At  such time, the funds will be disbursed in full, if the 36 month accrual period has occurred, in in part with monthly payments thereafter until the 36 month period has expired.<br>Fixed Claim - FL DOR $485,890.53<br>Other Claims - unliquidated.. |
| Class 4 - **Equity security holders of the Debtor** | ☐ Impaired<br>☑ Unimpaired | Member interests will be retained in the current amounts and interests. |

### Article 5: Allowance and Disallowance of Claims

5.01 **Disputed Claim** — A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 **Delay of distribution on a disputed claim** — No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

| Debtor | A & S Entertainment, LLC | Case number (*if known*) | 21-14020-RAM |
|---|---|---|---|
| | Name | | |

| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |
|---|---|---|

### Article 6: Provisions for Executory Contracts and Unexpired Leases

| 6.01 | **Assumed executory contracts and unexpired leases** | (a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date: |
|---|---|---|
| | | Lease of non-residential real property pursuant to the terms of the lease. |
| | | (b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date. |
| | | A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than ____ days after the date of the order confirming this Plan. |

### Article 7: Means for Implementation of the Plan

The Debtor will make the payments under the Plan from the income generated by the operation of its business.

### Article 8: General Provision

| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |
|---|---|---|
| | | [Insert additional definitions if necessary]. |
| 8.02 | **Effective Date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding Effect:** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| [8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of ____ govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
| [8.07 | **Corporate Governance** | Left Bland intentionally |
| [8.08 | **Retention of Jurisdiction** | The bankruptcy court' will retain jurisdiction after the effective date of the plan on all claims, plan terms and conditions along with any modifications of the Plan. |

### Article 9: Discharge

**[Discharge if the Debtor is a corporation under Subchapter V]**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

(i) imposed by this Plan; or

(ii) to the extent provided in § 1141(d)(6).

| Debtor | A & S Entertainment, LLC | Case number (*if known*) | 21-14020-RAM |
|---|---|---|---|
| | Name | | |

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

    (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192;

    or

    (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

The Debtor believes the Plan will be confirmed under § 1191(a)

### Article 10: Other Provisions

[Insert other provisions, as applicable.]

Respectfully submitted,

**X** /s/ Ciara Jones  
[Signature of the Plan Proponent]

**Ciara Latrice Jones**  
[Printed name]

**X** /s/ John A. Moffa  
[Signature of the Attorney for the Plan Proponent]

**John A. Moffa 0932760**  
[Printed name]