**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **A&S Entertainment, LLC** |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number (if known) | **21-14020-RAM** |

Official Form 425B

**Disclosure Statement for Small Business Under Chapter 11**                    12/17

**Debtor's Disclosure Statement, Dated October 29, 2021**

**Table of Contents.** See instructions about how to modify the table of contents if you do not have all of the sections below.

I. Introduction .................................................................................................................... 3

    A. Purpose of This Document ....................................................................... 3

    B. Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing ..................................... 3

    C. Disclaimer ............................................................................................... 4

II. Background .................................................................................................................... 4

    A. Description and History of the Debtor's Business ................................................. 4

    B. Insiders of the Debtor ............................................................................... 4

    C. Management of the Debtor During the Bankruptcy ............................................... 5

    D. Events Leading to Chapter 11 Filing ............................................................. 5

    E. Significant Events During the Bankruptcy Case .................................................. 5

    F. Projected Recovery of Avoidable Transfers ...................................................... 5

    G. Claims Objections .................................................................................... 5

    H. Current and Historical Financial Conditions ..................................................... 5

III. Summary of the Plan of Reorganization and Treatment of Claims and Equity Interests .................. 6

    A. What Is the Purpose of the Plan of Reorganization? ........................................... 6

    B. Unclassified Claims .................................................................................. 6
        1. Administrative expenses, involuntary gap claims, and quarterly and Court fees ..................... 6
        2. Priority tax claims ............................................................................... 6

    C. Classes of Claims and Equity Interests ......................................................... 7
        1. Classes of secured claims ..................................................................... 7
        3. Classes of general unsecured claims ........................................................ 7

Debtor Name    **A&S Entertainment, LLC**                        Case number    **21-14020-RAM**

4. Class of secured claim ........................................................................... 7
5. Class of equity interest holders ........................................................... 8

D. Means of Implementing the Plan ............................................................. 8
   1. Source of payments ............................................................................. 8
   2. Post-confirmation Management ............................................................ 9

E. Risk Factors ........................................................................................... 9

F. Executory Contracts and Unexpired Leases ............................................ 9

G. Tax Consequences of Plan .................................................................... 10

IV. Confirmation Requirements and Procedures .......................................... 10

A. Who May Vote or Object ........................................................................ 10
   1. What is an allowed claim or an allowed equity interest? ...................... 11
   2. What is an impaired claim or impaired equity interest? ....................... 11
   3. Who is not entitled to vote ................................................................. 11
   4. Who can vote in more than one class .................................................. 11

B. Votes Necessary to Confirm the Plan ..................................................... 12
   1. Votes necessary for a class to accept the plan .................................... 12
   2. Treatment of non-accepting classes of secured claims, general unsecured claims, and interests.................................................................................................. 12

C. Liquidation Analysis ............................................................................... 12

D. Feasibility ............................................................................................. 13
   1. Ability to initially fund plan .............................................................. 13
   2. Ability to make future plan payments and operate without further reorganization ...................... 13

V. Effect of Confirmation of Plan ............................................................... 13

A. Discharge of Debtor .............................................................................. 13

B. Modification of Plan .............................................................................. 13

C. Final Decree .......................................................................................... 14

VI. Other Plan Provisions .......................................................................... 14

Exhibit A: Copy of Proposed Plan of Reorganization ...............................

Exhibit B: Identity and Value of Material Assets of Debtor ......................

Exhibit C: Most Recently Filed Postpetition Operating Report ................

Exhibit D: Liquidation Analysis .............................................................

Exhibit E: Projections of Cash Flow for Post-Confirmation Period ...........

Debtor Name   **A&S Entertainment, LLC**                     Case number   **21-14020-RAM**

# I. Introduction

This is the disclosure statement (the Disclosure Statement) in the small business chapter 11 case of A & S Entertainment, LLC_ (the Debtor). This Disclosure Statement provides information about the Debtor and the Amended Plan filed on October 29, 2021 (the Plan) to help you decide how to vote.

A copy of the Plan is attached as *Exhibit A*. **Your rights may be affected**. You should read the Plan and this Disclosure Statement carefully. You may wish to consult an attorney about your rights and your treatment under the Plan.

The proposed distributions under the Plan are discussed at pages __6__ - __8__ of this Disclosure Statement.  General unsecured creditors are classified in Class 3, and will receive a distribution of 12.3% of their fixed allowed claims, to be distributed as follows in cash over 60 months in equal monthly payments of $1,000.00

## A.    Purpose of This Document

This Disclosure Statement describes:

The Debtor and significant events during the bankruptcy case,

How the Plan proposes to treat claims or equity interests of the type you hold (i.e., what you will receive on your claim or equity interest if the plan is confirmed),

Who can vote on or object to the Plan,

What factors the Bankruptcy Court (the "Court") will consider when deciding whether to confirm the Plan,

Why [the Proponent] believes the  Plan is feasible, and how the treatment of your claim or equity interest under the Plan compares to what you would receive on your claim or equity interest in liquidation, and

The effect of confirmation of the Plan.

Be sure to read the Plan as well as the Disclosure Statement.  This Disclosure Statement describes the Plan, but it is the Plan itself that will, if confirmed, establish your rights.

## B.    Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing

The Court has not yet confirmed the Plan described in this Disclosure Statement.  A separate order has been entered setting the following information:

Debtor Name    A&S Entertainment, LLC          Case number    21-14020-RAM

Time and place of the hearing to [finally approve this disclosure statement and] confirm the plan,

Deadline for voting to accept or reject the plan, and

Deadline for objecting to the [**adequacy of disclosure and**] confirmation of the plan.

If you want additional information about the Plan or the voting procedure, you should contact the Debtor's attorneys' office at 954-634-4733 or email John@Moffa.Law

### C.    Disclaimer

**The Court has** conditionally **approved this Disclosure Statement as containing adequate information to enable parties affected by the Plan to make an informed judgment about its terms.  The Court has not yet determined whether the Plan meets the legal requirements for confirmation, and the fact that the Court has approved this Disclosure Statement does not constitute an endorsement of the Plan by the Court, or a recommendation that it be accepted.**



## II. Background

### A. Description and History of the Debtor's Business

The Debtor is a Limited Liability **Corporation**.   In 2012,  Debtor's current management entered into a commercial lease with the landlord and has been in the business of operating a gentleman's club known as the Office - Miami.

### B. Insiders of the Debtor

The Debtor is operated by its two members, Claudette Pierre and Ciara Jones.  Ms Pierre generally oversees the Debtor's whole operation and Ms. Jones runs and oversees the daily operation of the business along with oversight of the businesses' managers and accounting services.

The compensation for the insiders is based upon the total services performed for the company, the fact that the business attracts unwanted attention, the stress associated with overseeing the business along with  the fact that the insiders personally infused almost $600,000 personally borrowed in order to reach a 2019 settlement with the Landlord.  During the course of this case, management only received about $6000 per month for services but management cannot continue to operate this business without an incentive given the work and stress related to the operation. Funds have been accumulating during the course of this case in order to assure the successful reorganization of the business.

Debtor Name   __A&S Entertainment, LLC__                          Case number   __21-14020-RAM__

## C. Management of the Debtor Before and During the Bankruptcy

The Debtor is operated by its two members, Claudette Pierre and Ciara Jones.  Ms Pierre generally oversees the Debtor's whole operation and Ms. Jones runs and oversees the daily operation of the business along with oversight of the businesses' managers and accounting services.

## D. Events Leading to Chapter 11 Filing

**The Debtor was assessed almost $2,000,000 of taxes, interest and penalty by the State of Florida and the Debtor's bank account was frozen, leading to the need for this case and to ensure the continued operation of the business.  The Debtor required a payment plan to pay the needed amounts which, at the time of filing this case was not approved or immediately available.  Without a payment plan, the Debtor would have closed and the assets liquidated.**

## E. Significant Events During the Bankruptcy Case

With Court approval, the Debtor paid the critical vendors in order to continue to operate. The lack of payment to alcohol vendors can cause a default in the liquor operation. Since the filing of the case, the Debtor has taken critical steps to ensure the bookkeeping was vastly improved and all appropriate insurances, required under the lease, were obtained. The Debtor was able to implement a better method of paying its employees and ensuring the payroll taxes were kept current.

There was no issue with the cash collateral as the only secured creditor held a lien in the Debtor's liquor license.

Moffa & Bierman was hired as counsel for the Debtor.  They have ensured the monthly operating reports were prepared and filed.  The Debtor did not require any accountants as the bookkeeper hired performed the tasks needed during this case.

## F. Projected Recovery of Avoidable Transfers

The Debtor does not intend to pursue preference, fraudulent conveyance, or other avoidance actions.

## G. Claims Objections

Except to the extent that a claim is already allowed pursuant to a final non-appealable order, the Debtor reserves the right to object to claims. Therefore, even if your claim is allowed for voting purposes, you may not be entitled to a distribution if an objection to your claim is later upheld. Disputed claims are treated in Article 5 of the Plan.

## H. Current and Historical Financial Conditions

The identity and fair market value of the estate's assets are listed in *Exhibit B*.

The most recent post-petition operating report filed since the commencement of the Debtor's bankruptcy case is set forth in *Exhibit C*

Debtor Name   <u>A&S Entertainment, LLC</u>                            Case number   <u>21-14020-RAM</u>

## A. What is the Purpose of the Plan of Reorganization?

As required by the Code, the Plan places claims and equity interests in various classes and describes the treatment each class will receive. The Plan also states whether each class of claims or equity interests is impaired or unimpaired. If the Plan is confirmed, your recovery will be limited to the amount provided by the Plan.

## B. Unclassified Claims

Certain types of claims are automatically entitled to specific treatment under the Code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. Therefore, the Plan Proponent has *not* placed the following claims in any class:

### 1. Administrative expenses, involuntary gap claims, and quarterly and Court fees

Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under § 503(b) of the Code. Administrative expenses include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition, and compensation for services and reimbursement of expenses awarded by the court under §330(a) of the Code. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment. Involuntary gap claims allowed under § 502(f) of the Code are entitled to the same treatment as administrative expense claims. The Code also requires that fees owed under section 1930 of title 28, including quarterly and court fees, have been paid or will be paid on the effective date of the Plan.

The following chart lists the Debtor's estimated administrative expenses, and quarterly and court fees, and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Administrative expenses | $80,000.00 | Paid in full on the effective date of the Plan, unless the holder of a particular claim has agreed to different treatment |
| **Total** | **$80,000.00** | |

### 2. Priority tax claims

Priority tax claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim pursuant to 11 U.S.C. §511, in regular installments paid over a period not exceeding 5 years from the order of relief. The following chart lists the Debtor's estimated § 507(a)(8) priority tax claims and their proposed treatment under the Plan:

Debtor Name  **A&S Entertainment, LLC**                Case number  **21-14020-RAM**

| **Class # 1 - assigned a number for ID purpose** | Priority unsecured claim pursuant to Section 507(a)(8) to the Florida Department of Revenue | ☐ Impaired  ☑ Unimpaired | **Paid in full with interest at 3.25% over 60 months from the Effective date at $33,992.40 per month** |
|---|---|---|---|
| | Total amount of claims | $1,880,110.31 | |

## C. Classes of Claims and Equity Interests

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

### 1. Classes of secured claims

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will [be classified as a general unsecured claim].

The following chart lists all classes containing Debtor's secured prepetition claims and their proposed treatment under the Plan:

| Class # | Description | Impairment? | Treatment | | |
|---|---|---|---|---|---|
| **4** | *Secured claim of:* ***Douglas Stratton, Trustee*** | ☑ Impaired | Monthly payment  $ ***2,124.70*** | | |
| | Collateral description  *Liquor License Lien* | ☐ Unimpaired | Payments Begin ***On the Effective Date (Est. 12/31/21)*** | | |
| | Allowed secured amount  $ *100,000* | | Payments End ***after 60 monthly payments*** | | |
| | Priority of first lien | | [Balloon payment]  ***$0.00*** | | |
| | Principal owed  ***$100,000*** | | Interest rate  ***10.00***% | | |
| | Pre-pet. arrearage  ***None*** | | Treatment of Lien  ***paid in full with Note interest rate*** | | |
| | Total claim  $  *100,000* | | defaults  $  ***None*** | | |

### 3. Classes of general unsecured claims

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code. [Insert description of § 1122(b) convenience class if applicable.]

The following chart identifies the Plan's proposed treatment of Class of general unsecured claims against the Debtor:

| Class # | Description | Impairment? | Treatment |
|---|---|---|---|

| Debtor Name | **A&S Entertainment, LLC** | Case number | **21-14020-RAM** |
|---|---|---|---|

| Class # | Description | Impairment? | Treatment |
|---|---|---|---|
| 3 | **General Unsecured Claims** | ☑ Impaired<br><br>☐ Unimpaired | The Debtor will pay these creditors their pro-rata share of $60,000 ($1,000 per month) on a monthly basis. Notwithstanding any other provision of the Plan, no payments or distributions will be made on account of a Contingent, Disputed and/or Unliquidated Claims until such Claim becomes an Allowed Claim |

### 4. Classes of equity interest holders

Equity interest holders are parties who hold an ownership interest (i.e., equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are equity interest holders. In a partnership, equity interest holders include both general and limited partners. In a limited liability company (LLC), the equity interest holders are the members. Finally, with respect to an individual who is a debtor, the Debtor is the equity interest holder.

The following chart sets forth the Plan's proposed treatment of the class[es] of equity interest holders: [There may be more than one class of equity interests in, for example, a partnership case, or a case where the prepetition debtor had issued multiple classes of stock.]

| Class # | Description | Impairment? | Treatment |
|---|---|---|---|
| 5 | Equity interest holders | ☐ Impaired<br><br>☑ Unimpaired | **The Members will retain the same interest they held prior to the filing of the case.** |

## D. Means of Implementing the Plan

### 1. Source of payments

Payments and distributions under the Plan will be funded by the following: Continued profitable operation of the Debtor

### Post-confirmation Management

The Post-Confirmation Management of the Debtor (including officers, directors, managing members, and other persons in control), and their compensation, shall be as follows:

| Name | Position | Compensation |
|---|---|---|
| **Ciara Jones** | **Member Manager** | |
| **Claudette Pierre** | **Member Manager** | |

Debtor Name    A&S Entertainment, LLC                                Case number    21-14020-RAM

## E. Risk Factors

The proposed Plan has the following risks:The Debtor is subject to lawsuits by people who are harmed outside of the Debtor's premises.  Any one uninsured claim could be catastrophic for the Debtor.

## F. Executory Contracts and Unexpired Leases

The Plan in Article 6 lists all executory contracts and unexpired leases that the Debtor will assume, and if applicable assign, under the Plan. *Assumption* means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Code, if any. Article 6 also lists how the Debtor will cure and compensate the other party to such contract or lease for any such defaults.

If you object to the assumption, and if applicable the assignment, of your unexpired lease or executory contract under the Plan, the proposed cure of any defaults, the adequacy of assurance of performance, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan, unless the Court has set an earlier time.

All executory contracts and unexpired leases that are not listed in Article 6 or have not previously been assumed, and if applicable assigned, or are not the subject of a pending motion to assume, and if applicable assign, will be rejected under the Plan. Consult your adviser or attorney for more specific information about particular contracts or leases.

If you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

Any claim based on the rejection of a contract or lease will be barred if the proof of claim is not timely filed, unless the Court orders otherwise.]

## G. Tax Consequences of Plan

**Creditors and equity interest holders concerned with how the plan may affect their tax liability should consult with their own accountants, attorneys, and/or advisors.**

## IV. Confirmation Requirements and Procedures

Debtor Name    **A&S Entertainment, LLC**                                        Case number    **21-14020-RAM**

To be confirmable, the Plan must meet the requirements listed in §1129 of the Code. These include the requirements that: [1]- the Plan must be proposed in good faith; [2] - if a class of claims is impaired under the Plan, at least one impaired class of claims must accept the Plan, without counting votes of insiders; [3] - the Plan must distribute to each creditor and equity interest holder at least as much as the creditor or equity interest holder would receive in a chapter 7 liquidation case, unless the creditor or equity interest holder votes to accept the Plan; and [4]- the Plan must be feasible.

These requirements are <u>not</u> the only requirements listed in § 1129, and they are not the only requirements for confirmation.

## A. Who May Vote or Object

Any party in interest may object to the confirmation of the Plan if the party believes that the requirements for confirmation are not met.

Many parties in interest, however, are not entitled to vote to accept or reject the Plan. Except as stated in Part IV.A.3 below, a creditor or equity interest holder has a right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both

(1) allowed or allowed for voting purposes and

(2) impaired.

In this case, the Plan Proponent believes that classes **3** re impaired and that holders of claims in each of these classes are therefore entitled to vote to accept or reject the Plan. The Plan Proponent believes that classes 1, 2, 4 and 5  are unimpaired and that holders of claims in each of these classes, therefore, do not have the right to vote to accept or reject the Plan.

### 1. What is an allowed claim or an allowed equity interest?

Only a creditor or equity interest holder with an allowed claim or an allowed equity interest has the right to vote on the Plan. Generally, a claim or equity interest is allowed if either

(1) the Debtor has scheduled the claim on the Debtor's schedules, unless the claim has been scheduled as disputed, contingent, or unliquidated, or

(2) the creditor has filed a proof of claim or equity interest, unless an objection has been filed to such proof of claim or equity interest.

When a claim or equity interest is not allowed, the creditor or equity interest holder holding the claim or equity interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or equity interest for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure.

**The deadline for filing a proof of claim in this case was July 6, 2021.**

| Debtor Name | A&S Entertainment, LLC | Case number | 21-14020-RAM |
|---|---|---|---|

## 2. What is an impaired claim or impaired equity interest?

As noted above, the holder of an allowed claim or equity interest has the right to vote only if it is in a class that is *impaired* under the Plan. As provided in § 1124 of the Code, a class is considered *impaired* if the Plan alters the legal, equitable, or contractual rights of the members of that class.

## 3. Who is not entitled to vote

The holders of the following five types of claims and equity interests are *not* entitled to vote:

[1] holders of claims and equity interests that have been disallowed by an order of the Court;

[2] holders of other claims or equity interests that are not "allowed claims" or "allowed equity interests" (as discussed above), unless they have been "allowed" for voting purposes.

[3] holders of claims or equity interests in unimpaired classes;

[4] holders of claims entitled to priority pursuant to §§ 507(a)(2), (a)(3), and (a)(8) of the Code; holders of claims or equity interests in classes that do not receive or retain any value under the Plan; and

[5] administrative expenses.

**Even if you are not entitled to vote on the plan, you have a right to object to the confirmation of the Plan [and to the adequacy of the Disclosure Statement].**

## 4. Who can vote in more than one class

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim, or who otherwise hold claims in multiple classes, is entitled to accept or reject a Plan in each capacity, and should cast one ballot for each claim.

Debtor Name    A&S Entertainment, LLC                    Case number    21-14020-RAM

## B. Votes Necessary to Confirm the Plan

If impaired classes exist, the Court cannot confirm the Plan unless**:**

(1) all impaired classes have voted to accept the Plan; or

(2) at least one impaired class of creditors has accepted the Plan without counting the votes of any insiders within that class, and the Plan is eligible to be confirmed by "cram down" of the non-accepting classes, as discussed later in Section B.2.

### 1. Votes necessary for a class to accept the plan

A class of claims accepts the Plan if both of the following occur:

(1) the holders of more than 1/2 of the allowed claims in the class, who vote, cast their votes to accept the Plan, and

(2) the holders of at least 2/3 in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the Plan.

A class of equity interests accepts the Plan if the holders of at least 2/3 in amount of the allowed equity interests in the class, who vote, cast their votes to accept the Plan.

### 2. Treatment of non-accepting classes of secured claims, general unsecured claims, and interests

Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan  upon the request of the Plan proponent if the non-accepting classes are treated in the manner prescribed by § 1129(b) [which section is not applicable in this case pursuant to 11 U.S.C. §1181(a) of the Code]. A plan that binds non-accepting classes is commonly referred to as a *cram down* plan.

**You should consult your own attorney if a *cram down* confirmation will affect your claim or equity  interest, as the variations on this general rule are numerous and complex.**

## C. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to this Disclosure Statement as *Exhibit E*.

Debtor Name   **A&S Entertainment, LLC**                                   Case number    **21-14020-RAM**

### D. Feasibility

The Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.

#### 1. Ability to initially fund plan

The Plan Proponent believes that the Debtor will have enough cash on hand on the effective date of the Plan to pay all the claims and expenses entitled to be paid on that date. Tables showing the amount of cash on hand on the effective date of the Plan, and the sources of that cash are attached to this disclosure statement as *Exhibit F*.

#### 2. Ability to make future plan payments and operate without further reorganization

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information. Those projections are listed in *Exhibit G*.

The Plan Proponent's financial projections show that the Debtor will have an aggregate annual average cash flow, after paying operating expenses and post-confirmation taxes, of $__ .

The final Plan payment is expected to be paid on __ .

[Summarize the numerical projections, and highlight any assumptions that are not in accord with past experience. Explain why such assumptions should now be made.]

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

## V. Effect of Confirmation of Plan

### A.   Discharge of Debtor

 **Discharge** On the effective date of the Plan, the Debtor shall be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor shall not be discharged of any debt: (i) imposed by the Plan, or (ii) to the extent provided in U.S.C. § 1141(d)(6).

### B. Modification of Plan

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or re-voting on the Plan.

Debtor Name    **A&S Entertainment, LLC**                    Case number    **21-14020-RAM**

The Plan Proponent may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modifications after notice and a hearing.

## C. Final Decree

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.  Alternatively, the Court may enter such a final decree on its own motion.

## VI. Other Plan Provisions

*NONE*

/s/ Ciara Latrice Jones
[Signature of the Plan Proponent]

**Ciara Latrice Jones**
[Printed Name]

/s/ John A. Moffa
[Signature of the Attorney for the Plan Proponent]

**John A. Moffa 0932760**
[Printed Name]

<table>
<tr><td colspan="2" style="background:black;color:white">Fill in this information to identify the case:</td></tr>
<tr><td>Debtor name</td><td><b>A & S Entertainment, LLC</b></td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>SOUTHERN DISTRICT OF FLORIDA</td></tr>
<tr><td>Case number (if known)</td><td><b>21-14020-RAM</b></td></tr>
</table>

☑ Check if this is an amended filing

# EXHIBIT "A" to the Disclosure Statement dated October 29, 2021

Official Form 425A

# Amended Plan of Reorganization for Small Business Under Chapter 11 dated October 29, 2021

 A & S Entertainment, LLC  's Plan of Reorganization, Dated __

**Background for Cases Filed Under Subchapter V**

 **A. Description and History of the Debtor's Business**

The Debtor is a Limited Liability Company which operates a gentlemen's entertainment facility in Miami, Florida.  The Debtor had a large tax assessment assessed and could not reach an agreement on a payment plan prior to the Debtor's bank account being garnished.  In order to continue to operate, the Debtor needed to file this case.

 **B. Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit **B**

 **C. Ability to make future plan payments and operate without further reorganization**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information as Exhibit **E**

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $ **$35,000**

The final Plan payment is expected to be paid on  **11-30-26**   .

[Summarize the numerical projections, and highlight any assumptions that are not in accord with past experience. Explain why such assumptions should now be made.]

 **You should consult with your accountant or other financial advisor if you have any questions** pertaining to these projections.

## ▇ Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of **A & S Entertainment, LLC** (the *Debtor*) from

This Plan provides for:  **1**   class of priority claims;

     **1**   class of secured claims;

     **2**   classes of non-priority unsecured claims; and

     **1**   class of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately  **12.35**    cents on the dollar. This Plan also provides for the payment of administrative and priority claims, in full and with interest as to the priority creditor..

Debtor  **A & S Entertainment, LLC**                                      Case number (*if known*)  **21-14020-RAM**
        Name

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

| | | |
|---|---|---|
| 2.01 | **Class 1** | Florida Department of Revenue |
| 2.02 | **Class 2** | Landlord cure of disputed amount |
| 2.03 | **Class 3** | All General Unsecured Claims (other than Landlord) |
| 2.04 | **Class 4** | Secured Claim of Douglas Stratton, Trustee- secured in the liquor license. |
| 2.05 | Class 5 | Equity interests of the Debtor. (If the Debtor is an individual, change this heading to *The interests of the individual Debtor in property of the estate.*) |

## Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes. |
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code, [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid, in full, with interests at 3.25 % over 60 months. |
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code |

## Article 4: Treatment of Claims and Interests Under the Plan

**4.01   Claims and interests shall be treated as follows under this Plan:**

Debtor  **A & S Entertainment, LLC**
Name

Case number (*if known*)  **21-14020-RAM**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims** | ☐ Impaired<br>☑ Unimpaired | Priority Claims will be paid in full with interest at 3.25% in equal monthly payments over 60 months at $33,992.40 per month. |
| Class 2 – **Landlord's Cure Claim** | ☐ Impaired<br>☑ Unimpaired | The Cure amount is subject to liquidation and the amount determined will be cured by agreement, if possible. The cure amount, once determined will be paid in full upon the entry of a final judgment liquidating the amount due or as agreed between the parties. Debtor believes the amount owed is $0, but the landlord asserts approximately $215,000 is owed. |
| Class 3 – **Non-priority unsecured creditors** | ☑ Impaired<br>☐ Unimpaired | All General Unsecured Creditors other than Class 2 Claim will share, pro-rata in a fund of money of $1,000.00 per month for 60months  No payments will be made until all unliquidated claims are liquidated or waived.   The funds will accrue in the trust account of the Debtor's attorney until all claims and appeals are determined.  At such time, the funds will be disbursed in full, if the 60 month accrual period has occurred, in in part with monthly payments thereafter until the 60month period has expired.<br><br>Notwithstanding any other provision of the Plan, no payments or distributions will be made on account of a Contingent, Disputed and/or Unliquidated Claim until such Claim becomes an Allowed Claim<br><br>Fixed Claim - FL DOR $485,890.53<br>Other Claims - Athill  & Blash- Disputed, Contingent & Unliquidated.. |
| Class 4 - **Secure Claim of Douglas Stratton, Trustee** | ☑ Impaired<br>☐ Unimpaired | The creditor holds a security interest in the Debtor's liquor license in the amount of $100,000.  The Promissory Note indicates that interest is at 10% per annum, but the required interest only payment equates to 14% per annum.  The Debtor will pay the creditor, in full, with interest at the note rate of 10% over 60 months through payments of  $2,124.70 per month at which time the loan will be paid in full (PIF). |
| Class 5- **Equity security holders of the Debtor** | ☐ Impaired<br>☑ Unimpaired | Member interests will be retained in the current amounts and interests. |

**Article 5: Allowance and Disallowance of Claims**

| Debtor | A & S Entertainment, LLC | Case number (*if known*)  **21-14020-RAM** |
|---|---|---|
| | Name | |

**5.01**   **Disputed Claim**      A *disputed claim* is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**5.02**   **Delay of distribution on a disputed claim**      No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

**5.03**   **Settlement of disputed claims**      The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Article 6: Provisions for Executory Contracts and Unexpired Leases

**6.01**   **Assumed executory contracts and unexpired leases**      (a)  The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date:

Lease of non-residential real property pursuant to the terms of the lease and the stipulation entered into on February 28, 2019.

(b)  Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

## Article 7: Means for Implementation of the Plan

The Debtor will make the payments under the Plan from the income generated by the operation of its business.

## Article 8: General Provision

**8.01**   **Definitions and rules of construction**      The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

**8.02**   **Effective Date**      The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated.

| Debtor | A & S Entertainment, LLC | Case number (*if known*) | **21-14020-RAM** |
|---|---|---|---|
| | Name | | |

| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
|---|---|---|
| 8.04 | **Binding Effect:** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| [8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
| [8.07 | **Corporate Governance** | The Members will operate the overall business. |
| [8.08 | **Retention of Jurisdiction** | The bankruptcy court' will retain jurisdiction after the effective date of the plan on all claims, plan terms and conditions along with any modifications of the Plan. |

## Article 9: Discharge

**[Discharge if the Debtor is a corporation under Subchapter V]**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

(i) imposed by this Plan; or

(ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

(i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or

(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

The Debtor believes the Plan will be confirmed under § 1191(a)

## Article 10: Other Provisions

**Notes: While the Secured Creditor is listed as impaired, it is actually being paid in full at the contract rate of 10%, rather than paying "interest only". This is "better" treatment, but still impaired.**

Debtor  **A & S Entertainment, LLC**                                    Case number (*if known*) **21-14020-RAM**
        Name

Respectfully submitted,

**X** /s/ Ciara Jones                              **Ciara Latrice Jones**
   [Signature of the Plan Proponent]               [Printed name]

**X** /s/ John A. Moffa                            **John A. Moffa 0932760**
   [Signature of the Attorney for the Plan         [Printed name]
   Proponent]

**Case No.:  21-14020-RAM**

**Exhibits to Disclosure Statement of A & S Entertainment, LLC, dated October 29, 2021**

**EXHIBITS "B" & "D"**

    **ASSETS**

| | |
|---|---|
| Valuation of Furniture, Fixtures, Equipment and Inventory at Petition date | $150,000.00 |
| Bank Account as of 7/31/21 | $258,000.00 |
| Liquor License (net of secured claim) | $300,000.00[1] |
| Total Assets | $708,000.00 |

    **LIABILITIES**

| | |
|---|---|
| Priority FL DOR Claim | $1,880,110.31 |
| Landlord Lease "cure" amount | $ 215,510.00 |
| Attorney's & Trustee  Fees (Estimated) | $  80,000.00 |
| Total Liabilities (superior to general unsecured claims) | $2,175,620.31 |
| **Liquidation value** | **(1,467,620.31)** |

**EXHIBIT "E"**

    **Income and Expense Projections[2]**

| | | |
|---|---|---|
| Average Monthly Sales | $290,000 | |
| Average Monthly Expenses | $230,000 | |
| Average Monthly Net Income | | $  60,000.00 |
| Less Lease Cure (6 mo cure | | |

---

[1] The Debtor discovered that the value of the liquor license has increased to almost $400,000.  There is a lien of $100,000 on the liquor license and no one else has a claim to the liquor license.

[2] Certain expenses, like insurance, are paid annually and averaged into this amount.

|  | | |
|---|---|---|
| amortized over 60 mos.) | $ 3,583[3] | |
| Less Priority FL DOR Taxes | $ 33,992 | |
| Less Professional Fees | $ 4,000[4] | |
| Less Secured Creditor Payment | $ 2,125 | |
| Less Management fees | $ 15,300**[5] | |
| Monthly Deductions from Income | | $59,000.00 |
| Amounts available to General Unsecured Creditor | | $ 1,000.00 |
| Monthly General Unsecured Payments | | $ 1,000.00 |
| Remaining funds | | $ 00.00 |

**Total proposed payout to General Unsecure Creditors $60,000.00**

---

[3] The Debtor will need reduce management fees and/or use cash to ensure the amount due to the landlord is available.

[4] The Debtor seems to attract numerous lawsuits, some of which are covered by insurance.  The Debtor's outlay for legal fees and settlements will resume once the automatic stay ends

[5] The Debtor entered into a settlement with the Landlord in 2019.  In order to effectuate the settlement, the Members personally borrowed about $600,000 to infuse into the Debtor.  Almost $6,000 per month of this "management fee" is allocated by the Members for repayment of the Members' loan, leaving a rather modest management fee for this complex operation.

# UNITED STATES BANKRUPTCY COURT

SOUTHERN  DISTRICT OF  FLORIDA

MIAMI-DADE DIVISION

In Re.                                          §        Case No.  21-14020
    A & S ENTERTAINMENT, LLC        §
    _____        §
        Debtor(s)        §        ☐ Jointly Administered

## Monthly Operating Report                                      Chapter 11

Reporting Period Ended: 08/31/2021                    Petition Date: 04/27/2021

Months Pending: 4                    Industry Classification: | 5 | 3 | 1 | 8 |

Reporting Method:              Accrual Basis ◯              Cash Basis ◉

Debtor's Full-Time Employees (current):              7

Debtor's Full-Time Employees (as of date of order for relief):              7

**Supporting  Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒  Statement of cash receipts and disbursements
☐  Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☒  Statement of operations (profit or loss statement)
☐  Accounts receivable aging
☐  Postpetition liabilities aging
☐  Statement of capital assets
☐  Schedule of payments to professionals
☐  Schedule of payments to insiders
☒  All bank statements and bank reconciliations for the reporting period
☐  Description of the assets sold or transferred and the terms of the sale or transfer

/s/ John A. Moffa for A&S                              Ciara Jones
_____              _____
Signature of Responsible Party                    Printed Name of Responsible Party
10/   /2021                                          _____
_____
Date                                                Miami
                                                    _____
                                                    Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (06/07/2021)                    1                    **Exhibit "C"**

| Debtor's Name | | Case No. | 21-14020 |
|---|---|---|---|
| A & S ENTERTAINMENT, LLC | | | |

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.  Cash balance beginning of month | $258,782 | |
| b.  Total receipts (net of transfers between accounts) | $388,545 | $ |
| c.  Total disbursements (net of transfers between accounts) | $284,157 | $ |
| d.  Cash balance end of month (a+b-c) | $363,170 | |
| e.  Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f.  Total disbursements for quarterly fee calculation (c+e) | $284,157 | $ |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a.  Accounts receivable (total net of allowance) | $0 |
| b.  Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c.  Inventory    (Book ◯  Market ◯  Other ⦿  (attach explanation)) | $150,000 |
| d.  Total current assets | $ 150,000 |
| e.  Total assets | $150,000 |
| f.  Postpetition payables (excluding taxes) | $0 |
| g.  Postpetition payables past due (excluding taxes) | $0 |
| h.  Postpetition taxes payable | $0 |
| i.  Postpetition taxes past due | $0 |
| j.  Total postpetition debt (f+h) | $0 |
| k.  Prepetition secured debt | $0 |
| l.  Prepetition priority debt | $0 |
| m.  Prepetition unsecured debt | $0 |
| n.  Total liabilities (debt) (j+k+l+m) | $0 |
| o.  Ending equity/net worth (e-n) | $ 150,000 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.  Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b.  Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c.  Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.  Gross income/sales (net of returns and allowances) | $388,545 | |
| b.  Cost of goods sold (inclusive of depreciation, if applicable) | $209437 | |
| c.  Gross profit (a-b) | $179,108 | |
| d.  Selling expenses | $74,720 | |
| e.  General and administrative expenses | $0 | |
| f.  Other expenses | $0 | |
| g.  Depreciation and/or amortization (not included in 4b) | $0 | |
| h.  Interest | $0 | |
| i.  Taxes (local, state, and federal) | $0 | |
| j.  Reorganization items | $0 | |
| k.  Profit (loss) | $104,388 | $ |

| Debtor's Name | | Case No. | 21-14020 |
|---|---|---|---|
| | A & S ENTERTAINMENT, LLC | | |

## Part 5:  Professional Fees and Expenses

| | | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | | | $0 | $0 | $0 | $0 |
| | *Itemized Breakdown by Firm* | | | | | | |
| | | Firm Name | Role | | | | |
| | i | | | $0 | $0 | $0 | $0 |
| | ii | | | | | | |

| | | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | | | | | | |
| | *Itemized Breakdown by Firm* | | | | | | |
| | | Firm Name | Role | | | | |
| | i | | | | | | |
| | ii | | | | | | |
| c. | All professional fees and expenses (debtor & committees) | | | | | | |

## Part 6:  Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $ 2,223 | $ 11,177 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $17,448 | $68,145 |

## Part 7: Questionnaire - During this reporting period:

a.  Were any payments made on prepetition debt?  (if yes, see Instructions)   Yes ○   No ⦿

b.  Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)   Yes ○   No ⦿

c.  Were any payments made to or on behalf of insiders?   Yes ○   No ⦿

d.  Are you current on postpetition tax return filings?   Yes ○   No ⦿

e.  Are you current on postpetition estimated tax payments?   Yes ○   No ⦿

f.  Were all trust fund taxes remitted on a current basis?   Yes ○   No ⦿

g.  Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)   Yes ○   No ⦿

h.  Were all payments made to or on behalf of professionals approved by the court?   Yes ○   No ○   N/A ⦿

i.  Do you have:   Worker's compensation insurance?   Yes ⦿   No ○

    If yes, are your premiums current?   Yes ⦿   No ○   N/A ○   (if no, see Instructions)

    Casualty/property insurance?   Yes ⦿   No ○

    If yes, are your premiums current?   Yes ⦿   No ○   N/A ○   (if no, see Instructions)

    General liability insurance?   Yes ⦿   No ○

    If yes, are your premiums current?   Yes ⦿   No ○   N/A ○   (if no, see Instructions)

j.  Has a plan of reorganization been filed with the court?   Yes ⓧ   No ○

| Debtor's Name | | Case No. 21-14020 |
|---|---|---|
| A & S ENTERTAINMENT, LLC | | |

k.  Has a disclosure statement been filed with the court?          Yes ○    No ◉
l.  Are you current with quarterly U.S. Trustee fees as          Yes ◉    No ○
    set forth under 28 U.S.C. § 1930?

## Part 8: Individual Chapter 11 Debtors (Only)

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |

l.  Are you required to pay any Domestic Support Obligations as defined by 11          Yes ○    No ◉
    U.S.C § 101(14A)?
m.  If yes, have you made all Domestic Support Obligation payments?          Yes ○    No ○    N/A ◉

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." See 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

| /s/ John A. Moffa for A&S | Ciara Jones |
|---|---|
| Signature of Responsible Party | Printed Name of Responsible Party |
| attorney | 10/19 /2021 |
| Title | Date |

# Business Checking Plus

PNC Bank

**PNC BANK**

| | |
|---|---|
| **For the Period 07/31/2021 to 08/31/2021** | Primary Account Number: 5028 Page 1 of 7 |
| | Number of enclosures: 0 |

A & S ENTERTAINMENT LLC #21-14020
DBA THE OFFICE GENTLEMEN'S CLUB
DEBTOR IN POSSESSION
250 NE 183RD ST
MIAMI FL 33179-4507

For 24-hour banking sign on to
PNC Bank Online Banking on pnc.com
FREE Online Bill Pay

For customer service call 1-877-BUS-BNKG
PNC accepts Telecommunications Relay Service (TRS) calls.
Para servicio en espanol, 1-877-BUS-BNKG

**Moving?** Please contact your local branch

Write to: Customer Service
PO Box 609
Pittsburgh, PA  15230-9738
Visit us at PNC.com/smallbusiness

Important Information:

This information impacts customers who are deaf, hard of hearing, deaf-blind, or have speech disabilities. As PNC seeks to broaden Accessibility options for these customers, we have discontinued Teletypewriter (TTY) and Telecommunication Devices for the Deaf (TDD) services in favor of the many Telecommunications Relay Service (TRS) options available. PNC accepts all TRS calls. There are a variety of TRS options available, and most are free to use. Visit fcc.gov/trs for more information.

IMPORTANT ACCOUNT CHANGE FOR ALL BUSINESS ACCOUNTS
WITH TREASURY MANAGEMENT SERVICES

Effective JANUARY 1, 2022, charges for certain Treasury Management services will change. The impact of these changes on your business will depend on the mix of services you use at PNC and your transaction volume. If applicable, the fees for some of the services may be reduced or offset by the Earning Credit for your account.

Treasury Management services, which may be subject to change, include Automated Clearing House (ACH), Cash Logistics, Cash Flow Insight, Account Reconcilement, Direct to Debit, Electronic Data Interchange (EDI), ePayments, Integrated Payables, Integrated Receivables, Invoice Automation, PINACLE, PayerExpress, Print Mail, Purchase Card, Real Time Payments, Remote Deposit, and Wire Transfer services.

We would be happy to review with you the changes that are applicable to your account and to discuss other services or options that may address the evolving needs of your business. Current Treasury Management charges are listed on your monthly statement, if applicable.

If you are interested in a review, please contact Treasury Management Client Care (TMCC) at 1-800-669-1518

## Business Checking Plus Summary

Account number:  5028

A & S Entertainment Llc #21-14020
DBA The Office Gentlemen's Club

Overdraft Protection has not been established for this account.
Please contact us if you would like to set up this service.

# Business Checking Plus

For 24-hour account information, sign-on to
pnc.com/mybusiness/

**For the Period 07/31/2021 to 08/31/2021**
A & S Entertainment Llc #21-14020
Primary Account Number: 5028 Page 2
of       7

Business Checking Plus Account Number: 5028 - continued

## Balance Summary

| | Beginning balance | Deposits and other additions | Checks and other deductions | Ending balance |
|---|---|---|---|---|
| | 269,919.55 | 390,184.78 | 279,917.22 | 380,187.11 |

| | | | Average ledger balance | Average collected balance |
|---|---|---|---|---|
| | | | 359,568.69 | 359,074.97 |

## Overdraft and Returned Item Fee Summary

| | Total for this Period | Total Year to Date |
|---|---|---|
| Total Returned Item Fees (NSF) | .00 | 36.00 |

## Deposits and Other Additions

| Description | Items | Amount |
|---|---|---|
| Deposits | 2 | 16,694.93 |
| ACH Additions | 55 | 367,059.71 |
| Other Additions | 1 | 6,430.14 |
| Total | 58 | 390,184.78 |

## Checks and Other Deductions

| Description | Items | Amount |
|---|---|---|
| Checks | 93 | 100,042.40 |
| Debit Card Purchases | 6 | 2,763.20 |
| ATM/Misc. Debit Card Transactions | 7 | 3,197.02 |
| ACH Deductions | 31 | 59,571.44 |
| Service Charges and Fees | 1 | 342.00 |
| Other Deductions | 3 | 114,001.16 |
| Total | 141 | 279,917.22 |

## Daily Balance

| Date | Ledger balance | Date | Ledger balance | Date | Ledger balance |
|---|---|---|---|---|---|
| 07/31 | 269,919.55 | 08/11 | 385,802.57 | 08/23 | 431,122.12 |
| 08/02 | 216,195.06 | 08/12 | 389,709.38 | 08/24 | 439,944.48 |
| 08/03 | 214,019.08 | 08/13 | 389,157.64 | 08/25 | 442,870.13 |
| 08/04 | 234,435.52 | 08/16 | 426,602.13 | 08/26 | 444,217.62 |
| 08/05 | 231,731.08 | 08/17 | 423,974.01 | 08/27 | 418,077.24 |
| 08/06 | 235,455.10 | 08/18 | 426,365.46 | 08/30 | 440,246.52 |
| 08/09 | 271,092.32 | 08/19 | 422,773.87 | 08/31 | 380,187.11 |
| 08/10 | 388,981.75 | 08/20 | 409,339.65 | | |

## Activity Detail

### Deposits and Other Additions

#### Deposits

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 08/09 | 8,062.93 | Deposit | 032259074 |
| 08/30 | 8,632.00 | Deposit | 032494205 |

#### ACH Additions

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 08/02 | 1,413.77 | Corporate ACH Pymt Proc Futurepos Pymts 021770021751261 | 00021214906826703 |
| 08/02 | 924.46 | Corporate ACH Pymt Proc Futurepos Pymts 021770021751261 | 00021214907023876 |
| 08/02 | 676.39 | Corporate ACH Pymt Proc Futurepos Pymts 021770021751261 | 00021214906758312 |

ACH Additions continued on next page

# Business Checking Plus

 For 24-hour account information, sign-on to
pnc.com/mybusiness/

**For the Period 07/31/2021 to 08/31/2021**
A & S Entertainment Llc #21-14020
Primary Account Number: 5028 Page 3
of         7

Business Checking Plus Account Number: 5028 - continued

## ACH Additions  *- continued*

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 08/02 | 5,050.00 | Corporate ACH BC Brinks Capital L n/a | 00021214908114993 |
| 08/03 | 1,456.77 | Corporate ACH Pymt Proc | 00021215901549431 |
| | | Futurepos Pymts 021770021751261 | |
| 08/03 | 3,118.00 | Corporate ACH BC Brinks Capital L n/a | 00021215902762467 |
| 08/04 | 188.00 | Corporate ACH Pymt Proc | 00021216905329199 |
| | | Futurepos Pymts 021770021751261 | |
| 08/04 | 31,123.00 | Corporate ACH BC Brinks Capital L n/a | 00021216906155138 |
| 08/05 | 72.00 | Corporate ACH Pymt Proc | 00021217909457058 |
| | | Futurepos Pymts 021770021751261 | |
| 08/05 | 4,205.00 | Corporate ACH BC Brinks Capital n/a | 00021217910583795 |
| 08/06 | 768.63 | Corporate ACH Pymt Proc | 00021218902532342 |
| | | Futurepos Pymts 021770021751261 | |
| 08/06 | 5,412.00 | Corporate ACH BC Brinks Capital n/a | 00021218903466575 |
| 08/09 | 2,208.57 | Corporate ACH Pymt Proc | 00021221906066282 |
| | | Futurepos Pymts 021770021751261 | |
| 08/09 | 1,461.12 | Corporate ACH Pymt Proc | 00021221905913012 |
| | | Futurepos Pymts 021770021751261 | |
| 08/09 | 99.81 | Corporate ACH Pymt Proc | 00021221905878802 |
| | | Futurepos Pymts 021770021751261 | |
| 08/09 | 29,968.00 | Corporate ACH BC Brinks Capital n/a | 00021221906858653 |
| 08/10 | 112,230.46 | Corporate ACH Rlsd Funds | 00021222909221151 |
| | | Futurepos Pymts 021770021751261 | |
| 08/10 | 2,783.81 | Corporate ACH Pymt Proc | 00021222909351687 |
| | | Futurepos Pymts 021770021751261 | |
| 08/10 | 3,932.00 | Corporate ACH BC Brinks Capital n/a | 00021222910483898 |
| 08/11 | 746.96 | Corporate ACH Pymt Proc | 00021223902969349 |
| | | Futurepos Pymts 021770021751261 | |
| 08/11 | 2,951.00 | Corporate ACH BC Brinks Capital n/a | 00021223903661142 |
| 08/12 | 509.81 | Corporate ACH Pymt Proc | 00021224906766062 |
| | | Futurepos Pymts 021770021751261 | |
| 08/12 | 4,093.00 | Corporate ACH BC Brinks Capital n/a | 00021224907766261 |
| 08/16 | 3,640.14 | Corporate ACH Pymt Proc | 00021228903576023 |
| | | Futurepos Pymts 021770021751261 | |
| 08/16 | 2,263.70 | Corporate ACH Pymt Proc | 00021228903753531 |
| | | Futurepos Pymts 021770021751261 | |
| 08/16 | 139.62 | Corporate ACH Pymt Proc | 00021228903534962 |
| | | Futurepos Pymts 021770021751261 | |
| 08/16 | 29,487.00 | Corporate ACH BC Brinks Capital n/a | 00021228904650045 |
| 08/17 | 1,838.00 | Corporate ACH Pymt Proc | 00021229907986986 |
| | | Futurepos Pymts 021770021751261 | |
| 08/17 | 4,981.00 | Corporate ACH BC Brinks Capital n/a | 00021229909723075 |
| 08/18 | 1,871.46 | Corporate ACH Pymt Proc | 00021230901327353 |
| | | Futurepos Pymts 021770021751261 | |
| 08/18 | 4,994.00 | Corporate ACH BC Brinks Capital n/a | 00021230902510813 |
| 08/19 | 1,143.47 | Corporate ACH Pymt Proc | 00021231904952696 |
| | | Futurepos Pymts 021770021751261 | |
| 08/19 | 3,292.00 | Corporate ACH BC Brinks Capital n/a | 00021231905548868 |

ACH Additions continued on next page

# Business Checking Plus

For 24-hour account information, sign-on to
pnc.com/mybusiness/

**For the Period 07/31/2021 to 08/31/2021**
A & S Entertainment Llc #21-14020
Primary Account Number: 5028 Page 4
of        7

Business Checking Plus Account Number: 5028 - continued

## ACH Additions   - continued

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 08/20 | 100.00 | Corporate ACH Pymt Proc | 00021232907933500 |
| | | Futurepos Pymts 021770021751261 | |
| 08/20 | 9,065.00 | Corporate ACH BC Brinks Capital n/a | 00021232908760800 |
| 08/23 | 2,129.89 | Corporate ACH Pymt Proc | 00021235911077113 |
| | | Futurepos Pymts 021770021751261 | |
| 08/23 | 1,717.77 | Corporate ACH Pymt Proc | 00021235911115401 |
| | | Futurepos Pymts 021770021751261 | |
| 08/23 | 97.62 | Corporate ACH Pymt Proc | 00021235911279848 |
| | | Futurepos Pymts 021770021751261 | |
| 08/23 | 20,616.00 | Corporate ACH BC Brinks Capital n/a | 00021235912075135 |
| 08/24 | 13,000.00 | ACH Credit 5Cioeo9B39 Turner: Rap Sht | 00021236904452087 |
| 08/24 | 2,650.09 | Corporate ACH Pymt Proc | 00021236904532038 |
| | | Futurepos Pymts 021770021751261 | |
| 08/24 | 7,292.00 | Corporate ACH BC Brinks Capital n/a | 00021236905181446 |
| 08/25 | 1,850.22 | ACH Credit Futurepos Futurepos XXXXXXXXXXX2204 | 00021237907810908 |
| 08/25 | 1,598.23 | Corporate ACH Pymt Proc | 00021237907885386 |
| | | Futurepos Pymts 021770021751261 | |
| 08/25 | 2,400.00 | Corporate ACH BC Brinks Capital n/a | 00021237908501154 |
| 08/26 | 58.68 | Corporate ACH Fintecheft | 00021237909226799 |
| | | Republic Nationa 27-3639438 | |
| 08/26 | 113.42 | Corporate ACH Pymt Proc | 00021238901244258 |
| | | Futurepos Pymts 021770021751261 | |
| 08/26 | 3,560.00 | Corporate ACH BC Brinks Capital n/a | 00021238902064202 |
| 08/27 | 628.27 | Corporate ACH Pymt Proc | 00021239904630296 |
| | | Futurepos Pymts 021770021751261 | |
| 08/27 | 6,711.00 | Corporate ACH BC Brinks Capital n/a | 00021239905239949 |
| 08/30 | 1,136.88 | Corporate ACH Pymt Proc | 00021242908129862 |
| | | Futurepos Pymts 021770021751261 | |
| 08/30 | 970.15 | Corporate ACH Pymt Proc | 00021242907995066 |
| | | Futurepos Pymts 021770021751261 | |
| 08/30 | 16,217.00 | Corporate ACH BC Brinks Capital n/a | 00021242909027175 |
| 08/31 | 1,981.54 | Corporate ACH Pymt Proc | 00021243902215020 |
| | | Futurepos Pymts 021770021751261 | |
| 08/31 | 4,123.00 | Corporate ACH BC Brinks Capital n/a | 00021243903401191 |

## Other Additions

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 08/16 | 6,430.14 | Wire Transfer In 218Gi2219H1Zajej | W218GI2219H1ZAJEJ |

## Checks and Other Deductions

### Checks and Substitute Checks        * Gap in check sequence

| Date posted | Check number | Amount | Reference number | Date posted | Check number | Amount | Reference number | Date posted | Check number | Amount | Reference number |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 08/04 | 1139 * | 10,753.32 | 071275025 | 08/19 | 1155 | 7,880.28 | 070583060 | 08/17 | 1159 | 846.80 | 076725062 |
| 08/16 | 1153 * | 1,167.67 | 075571672 | 08/12 | 1156 | 696.00 | 071103104 | 08/20 | 1160 | 932.50 | 072508007 |
| 08/20 | 1154 | 339.00 | 072508008 | 08/17 | 1158 * | 5,355.00 | 076256612 | 08/19 | 1162 * | 146.78 | 071269374 |

Checks and Substitute Checks continued on next page

# Business Checking Plus



For 24-hour account information, sign-on to
pnc.com/mybusiness/

**For the Period 07/31/2021 to 08/31/2021**
A & S Entertainment Llc #21-14020
Primary Account Number: 5028 Page 5
of          7

Business Checking Plus Account Number: 5028 - continued

## Checks and Substitute Checks     - continued

| Date posted | Check number | Amount | Reference number | Date posted | Check number | Amount | Reference number | Date posted | Check number | Amount | Reference number |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 08/24 | 1164 * | 12,322.80 | 075047673 | 08/16 | 50207 | 68.67 | 074625999 | 08/20 | 50239 * | 2,000.00 | 072480029 |
| 08/27 | 1167 * | 32,883.78 | 070409594 | 08/09 | 50208 | 39.69 | 074753108 | 08/20 | 50240 | 135.42 | 073174109 |
| 08/30 | 50047 * | 32.27 | 073113421 | 08/03 | 50209 | 635.42 | 070318680 | 08/23 | 50241 | 595.86 | 074241563 |
| 08/05 | 50071 * | 595.24 | 072257362 | 08/05 | 50210 | 154.85 | 071598130 | 08/23 | 50242 | 116.45 | 073368264 |
| 08/30 | 50080 * | 89.30 | 073113419 | 08/11 | 50211 | 193.97 | 071051528 | 08/17 | 50244 * | 434.54 | 076724473 |
| 08/05 | 50088 * | 595.24 | 072257361 | 08/05 | 50212 | 514.89 | 072614943 | 08/30 | 50245 | 101.71 | 073175109 |
| 08/30 | 50097 * | 48.94 | 073113420 | 08/10 | 50213 | 40.20 | 074793095 | 08/23 | 50246 | 84.34 | 074178923 |
| 08/25 | 50118 * | 175.37 | 076725384 | 08/25 | 50214 | 179.13 | 076751715 | 08/18 | 50247 | 635.42 | 071719957 |
| 08/25 | 50137 * | 119.97 | 076725558 | 08/30 | 50215 | 82.50 | 073113415 | 08/18 | 50248 | 123.87 | 077482813 |
| 08/31 | 50138 | 41.90 | 074543300 | 08/06 | 50216 | 434.54 | 073540538 | 08/23 | 50249 | 143.68 | 074455361 |
| 08/31 | 50156 * | 39.30 | 074543299 | 08/11 | 50218 * | 116.60 | 070054816 | 08/20 | 50250 | 514.89 | 072507271 |
| 08/02 | 50167 * | 132.23 | 075818602 | 08/05 | 50219 | 154.85 | 071645718 | 08/23 | 50252 * | 165.21 | 076751713 |
| 08/09 | 50168 | 126.03 | 074753107 | 08/09 | 50220 | 2,000.00 | 076101889 | 08/30 | 50253 | 75.62 | 073113418 |
| 08/10 | 50173 * | 27.08 | 074793097 | 08/16 | 50221 | 113.90 | L075563304 | 08/17 | 50255 * | 434.54 | 076749371 |
| 08/31 | 50175 * | 39.68 | 074543268 | 08/23 | 50222 | 595.86 | 074241562 | 08/30 | 50259 * | 2,000.00 | 073270094 |
| 08/20 | 50186 * | 92.15 | 072534435 | 08/09 | 50223 | 147.89 | 076121571 | 08/30 | 50260 | 97.65 | 073174110 |
| 08/02 | 50187 | 133.53 | 075818601 | 08/10 | 50225 * | 434.54 | 076701252 | 08/27 | 50261 | 595.87 | 071452307 |
| 08/05 | 50188 | 39.68 | 074753100 | 08/11 | 50226 | 75.09 | 075023215 | 08/23 | 50262 | 183.78 | 073368266 |
| 08/10 | 50190 * | 170.75 | 077660630 | 08/23 | 50227 | 39.67 | 074178905 | 08/26 | 50264 * | 434.54 | 076320963 |
| 08/10 | 50193 * | 101.61 | 074793098 | 08/09 | 50228 | 635.41 | 074810601 | 08/30 | 50265 | 44.38 | 073175110 |
| 08/30 | 50195 * | 127.76 | 073113416 | 08/10 | 50229 | 121.57 | 077660632 | 08/23 | 50267 * | 635.41 | 073441821 |
| 08/02 | 50199 * | 109.02 | 075395686 | 08/11 | 50230 | 183.60 | 071051529 | 08/25 | 50268 | 114.07 | 076508276 |
| 08/09 | 50200 | 2,000.00 | 076101990 | 08/11 | 50231 | 514.89 | 070817569 | 08/30 | 50269 | 114.08 | 074455360 |
| 08/30 | 50201 | 140.51 | 073174108 | 08/10 | 50232 | 161.09 | 074793096 | 08/20 | 50270 | 514.89 | 073115900 |
| 08/06 | 50202 | 595.86 | 074029240 | 08/25 | 50233 | 159.13 | 076751714 | 08/25 | 50272 * | 142.70 | 076751714 |
| 08/09 | 50203 | 119.05 | 076121917 | 08/30 | 50234 | 81.81 | 073113417 | 08/26 | 50273 | 434.54 | 077792791 |
| 08/05 | 50205 * | 434.54 | 071726609 | 08/09 | 50235 | 434.54 | 075053857 | 08/31 | 50279 * | 595.86 | 075030216 |
| 08/20 | 50206 | 35.93 | 072534437 | 08/11 | 50237 * | 136.49 | 070054815 | 08/31 | 50285 * | 635.42 | 073893782 |

## Debit Card Purchases

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 08/02 | 644.22 | 0166 Debit Card Purchase Comcast Dade 800-2662278 Fl | 2610486002096016621 4 |
| 08/04 | 141.24 | 0166 Debit Card Purchase Intellicheck Inc Suite 207 M NY | 6058286002096016621 6 |
| 08/13 | 300.00 | 0166 Debit Card Purchase Sq *Perez & Parisi 415-3753176 Fl | 2749386002096016622 5 |
| 08/16 | 763.98 | 0166 Debit Card Purchase Nightlife Supplier (mo 800-9952068 Fl | 5214986002096016622 8 |
| 08/23 | 269.68 | 0166 Debit Card Purchase Dtv*Directv Service 800-3473288 Ca | 5524686002096016623 5 |
| 08/31 | 644.08 | 0166 Debit Card Purchase Comcast Dade 800-2662278 Fl | 2175786002096016624 3 |

## ATM/Misc. Debit Card Transactions

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 08/02 | 1,027.48 | N0731 0166 Payment Fpl: Speedpay Juno Beach Fl | POSI000353  2152432 |
| 08/02 | 40.48 | N0731 0166 Payment Fpl: Speedpay Juno Beach Fl | POSI000353  2152433 |
| 08/02 | 452.43 | 0166 Recurring Debit Card Berkshire Hathaway In 844-4720967 PA | 2610586002096016621 4 |
| 08/16 | 125.00 | 0166 Recurring Debit Card Hypemakerz Llc 786-4888717 Fl | 5215086002096016622 8 |
| 08/31 | 1,058.73 | N0830 0166 Payment Fpl: Speedpay Juno Beach Fl | POSI000353  0580285 |
| 08/31 | 40.47 | N0830 0166 Payment Fpl: Speedpay Juno Beach Fl | POSI000353  0580286 |
| 08/31 | 452.43 | 0166 Recurring Debit Card Berkshire Hathaway In 844-4720967 PA | 2175886002096016624 3 |

# Business Checking Plus

 For 24-hour account information, sign-on to
pnc.com/mybusiness/

**For the Period 07/31/2021 to 08/31/2021**
A & S Entertainment Llc #21-14020
Primary Account Number: 5028 Page 6
of        7

Business Checking Plus Account Number: 5028 - continued

## ACH Deductions

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 08/02 | 4,620.00 | Corporate ACH Fintecheft | 00021211904614590 |
| | | Republic Nationa 27-3639438 | |
| 08/02 | 16.64 | Corporate ACH Fees | 00021214906758500 |
| | | Futurepos Pymts 021770021751261 | |
| 08/03 | 2,810.91 | Corporate ACH Ipfspmtflt | 00021215901383599 |
| | | Ipfs866-412-2452 308693 | |
| 08/03 | 1,885.92 | ACH Web Web_pay Waste Connection 55388253073121 | 00021214909479679 |
| 08/03 | 1,418.50 | Corporate ACH ADP - Tax | 00021214909479483 |
| | | ADP - Tax 427547985238A03 | |
| 08/05 | 2,587.83 | Corporate ACH Vendor Pay | 00021217908517310 |
| | | Sysco South Flo Cust #758409 | |
| 08/05 | 1,944.00 | Corporate ACH Ebillpymts Breakthrubev 4349027 | 00021216906780935 |
| 08/06 | 1,396.21 | Corporate ACH ADP - Tax | 00021217910833424 |
| | | ADP - Tax 769080784772A03 | |
| 08/06 | 30.00 | Corporate ACH Proc Fee S | 00021218902400209 |
| | | Futurepos Pymts 021770021751261 | |
| 08/09 | 589.72 | Corporate ACH Fintecheft | 00021218903995358 |
| | | Republic Nationa 27-3639438 | |
| 08/09 | 31.20 | Corporate ACH Chg Backs | 00021221905424105 |
| | | Futurepos Pymts 021770021751261 | |
| 08/11 | 2,114.48 | Corporate ACH Vendor Pay | 00021222911674963 |
| | | Sysco South Flo Cust #758409 | |
| 08/11 | 1,560.00 | Corporate ACH Chg Backs | 00021223902841275 |
| | | Futurepos Pymts 021770021751261 | |
| 08/11 | 1,052.95 | Corporate ACH Utility North Miami Bch 0437365 | 00021222910397884 |
| 08/11 | 1,004.16 | Corporate ACH Ebillpymts Breakthrubev 4359954 | 00021222911314948 |
| 08/13 | 251.74 | Corporate ACH ADP - Fees ADP Payroll Fees 2R4Bb | 00021224907678161 |
| 08/16 | 1,352.89 | Corporate ACH ADP - Tax | 00021225901749061 |
| | | ADP - Tax 487559588062A03 | |
| 08/16 | 924.00 | Corporate ACH Fintecheft | 00021225901527302 |
| | | Republic Nationa 27-3639438 | |
| 08/17 | 2,376.24 | Corporate ACH Vendor Pay | 00021228905989951 |
| | | Sysco South Flo Cust #758409 | |
| 08/18 | 2,718.72 | Corporate ACH Fintecheft | 00021229909987938 |
| | | Republic Nationa 27-3639438 | |
| 08/18 | 996.00 | Corporate ACH Ebillpymts Breakthrubev 4372832 | 00021229909650076 |
| 08/20 | 17,447.54 | Corporate ACH C01 Fla Dept Revenue 289652952 | 00021232907857169 |
| 08/20 | 1,237.21 | Corporate ACH ADP - Tax | 00021231906316789 |
| | | ADP - Tax 782059530655A03 | |
| 08/24 | 1,729.66 | Corporate ACH Vendor Pay | 00021235913317477 |
| | | Sysco South Flo Cust #758409 | |
| 08/24 | 37.27 | ACH Debit Elec Pymt | 00021235912735928 |
| | | Fpl Direct Debit XXXXXX8112 Ppda | |
| 08/24 | 30.00 | Corporate ACH Proc Fee S | 00021236904421799 |
| | | Futurepos Pymts 021770021751261 | |
| 08/25 | 1,432.68 | Corporate ACH Fintecheft | 00021236906570645 |
| | | Republic Nationa 27-3639438 | |
| 08/26 | 48.68 | Corporate ACH Chg Backs | 00021238901130519 |
| | | Futurepos Pymts 021770021751261 | |

ACH Deductions continued on next page

# Business Checking Plus

 For 24-hour account information, sign-on to
pnc.com/mybusiness/

**For the Period 07/31/2021 to 08/31/2021**
A & S Entertainment Llc #21-14020
Primary Account Number: 5028 Page 7
of         7

Business Checking Plus Account Number: 5028 - continued

## ACH Deductions     - continued

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 08/26 | 1,901.39 | Corporate ACH DD0824-1 Brinks Capital 273639438 | 00021238902921853 |
| 08/30 | 1,213.99 | Corporate ACH ADP - Tax | 00021239906140323 |
|  |  | ADP - Tax 657078498920A03 |  |
| 08/31 | 2,810.91 | Corporate ACH Ipfspmtflt | 00021243902121884 |
|  |  | Ipfs866-412-2452 308693 |  |

## Service Charges and Fees

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 08/02 | 342.00 | Service Charge Period Ending 07/30/2021 |  |

## Other Deductions

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 08/02 | 54,271.08 | Wire Transfer Out 2182H52170Wz21Kt | W2182H52170WZ21KT |
| 08/31 | 5,459.00 | Wire Transfer Out 218Vh2707Rmb62Sn | W218VH2707RMB62SN |
| 08/31 | 54,271.08 | Wire Transfer Out 218Vh3222M5B3Ubk | W218VH3222M5B3UBK |

## Detail of Services Used During Current Period

Note:  The total charge for the following services will be posted to your account on 09/01/2021 and will appear on your next statement as a single line item entitled Service Charge Period Ending 08/31/2021.

** Combined Transactions include ACH Credits, ACH Debits, Checks Paid, Deposited Item - Consolidated, Deposit Tickets Processed

| Description | Volume | Amount | |
|---|---|---|---|
| Account Maintenance Charge |  | .00 | Requirements Met |
| Combined Transactions | 183 | .00 | Included in Account |
| ACH Credits | 55 | .00 | |
| ACH Debits | 31 | .00 | |
| Checks Paid | 93 | .00 | |
| Deposited Item - Consolidated | 2 | .00 | |
| Deposit Tickets Processed | 2 | .00 | |
| Branch - Consolidated Cash Deposited | 86 | .00 | Included in Account |
| Wire, Treasury Management Services |  | 193.00 | |
| Incoming Wire Transfer | 1 | 13.00 | |
| Branch Initiated Domestic Wire | 2 | 180.00 | |
| Pinacle Services |  | 59.00 | |
| Pinacle Express | 1 | 35.00 | |
| Pinacle Express Modules | 2 | 24.00 | |
| Total For Services Used This Period |  | 252.00 | |
| Total Service Charge |  | 252.00 | |

Member FDIC                    Equal Housing Lender

**A & S Entertainment LLC**
**Income Statement**
**For the Period Ended August 31, 2021**

|  | | 1 Month Ended Aug. 31, 2021 | Pct |
|---|---|---|---|
| **Revenue** | | | |
| Fee Income | $ | 388,544.90 | 100.00 |
| **Total Revenue** | | 388,544.90 | 100.00 |
| **Cost of Sales** | | | |
| Cost Of Goods Sold | | 209,436.98 | 53.90 |
| **Total Cost of Sales** | | 209,436.98 | 53.90 |
| **Gross Profit** | | 179,107.92 | 46.10 |
| **Operating Expenses** | | | |
| Bank Service Charges | | 342.00 | 0.09 |
| Credit Card Charges | | 76.64 | 0.02 |
| Insurance | | 5,621.82 | 1.45 |
| Professional Fees | | 146.78 | 0.04 |
| Repairs & Maintenance | | 1,885.92 | 0.49 |
| Telephone | | 1,557.98 | 0.40 |
| Gas & Electric | | 2,204.43 | 0.57 |
| Water | | 1,052.95 | 0.27 |
| Office Supplies | | 141.24 | 0.04 |
| Outside Services | | 833.54 | 0.21 |
| Payroll Expenses | | 29,064.93 | 7.48 |
| Payroll Processing Fees | | 251.74 | 0.06 |
| Advertising | | 1,667.80 | 0.43 |
| Accounting Fees | | 300.00 | 0.08 |
| Security & Alarm | | 9,901.39 | 2.55 |
| Taxes & Penalties | | 17,447.54 | 4.49 |
| Payroll Taxes | | 2,223.47 | 0.57 |
| **Total Operating Expenses** | | 74,720.17 | 19.23 |
| **Operating Income** | | 104,387.75 | 26.87 |
| **Net Income (Loss)** | $ | 104,387.75 | 26.87 |

See Accountants' Compilation Report